1 | CUMMINS & WHITE, LLP
Erick J. Becker, P.c. (Bar No. 137180)
2 | E-mail:      ebecker@cwlawyers.com
Carl J. Pentis (Bar No. 116453)
3 | E-mail:      cpentis@cwlawyers.com
Hwui Lee (Bar No. 335331)
4 | E-mail:      hlee@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
5 | Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
6 | Fax: (949) 852-8510

7 | Attorneys for Plaintiffs
LEE EVANS and NICOLA EVANS

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11

12

13 | LEE EVANS and NICOLA EVANS,

| Plaintiffs,

| vs.

| CARDLYTICS, INC., a Delaware corporation; and DOES 1-20, inclusive,

| Defendants.

| AND RELATED COUNTERCLAIMS.

CASE NO.:  8:23-cv-606 DFM

**NOTICE OF MOTION AND MOTION TO REMAND; REQUEST FOR ATTORNEYS' FEES; DECLARATION OF CARL PENTIS**
[Filed concurrently with Request for Judicial Notice and Declaration of Lee Evans]
Hearing:
Date:    June 2, 2023
Time:    9:00 a.m.
Place:    United States District Court
            Courtroom 9D (9th Floor)
            411 W. Fourth Street
            Santa Ana, CA 92701
ASSIGNED TO HON. JOHN W. HOLCOMB
OCSC Case No.: 30-2023-01308682
Filed: February 17, 2023
Trial Date: None Set

TO THE CLERK OF THE ABOVE-ENTITLED COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 2, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court

located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiffs, LEE EVANS and NICOLA EVANS (hereinafter referred to as "Plaintiffs" or "EVANS") will and hereby do move this Court for an order remanding this matter back to the Orange County Superior Court, State of California.

This Motion is made in compliance with Central District of California Local Rule 7-3, following the conference of counsel which took place by email on April 27, 2023, and further by telephone on April 27 and May 4, 2023.

Plaintiffs bring this Motion on the grounds that Defendant's removal was improper pursuant to 28 U.S.C. § 1446(c) because the parties lack complete diversity due to Plaintiffs' and Defendant's citizenship in California.

PLEASE TAKE FURTHER NOTICE that at the same date and time, and pursuant to 28 USC §§ 1447(c) and *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005), Plaintiffs, as set out in the attached Declaration of Carl J. Pentis, request payment of attorneys' fees in the amount of $7,622.00 for time expended in filing this Motion.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Plaintiff LEE EVANS and exhibits attached thereto, the Declaration of Carl J. Pentis and exhibits attached thereto and the accompanying Request for Judicial Notice and exhibits thereto.

Dated:  May 5, 2023                    CUMMINS & WHITE, LLP


                                       /s/ Carl J. Pentis
                              By:_____
                                   Erick J. Becker, P.C.
                                   Carl J. Pentis, Esq.
                                   Hwui Lee
                                   Attorneys for Plaintiffs
                                   LEE EVANS and NICOLA EVANS

1

# **TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES .................................................................4

3  MEMORANDUM OF POINTS AND AUTHORITIES............................6

4  I.    SUMMARY OF MOTION ...................................................6

5  II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................6

6  III.  LEGAL STANDARD FOR REMOVAL ........................................7

7  IV.   LEGAL ARGUMENT IN SUPPORT OF REMAND...................................8

8         A.    This Case Must Be Remanded to State Court Because

9               Cardlytics Failed to Demonstrate that the Parties are

10              Completely Diverse...........................................8

11              1)    Evaluating CARDLYTICS' Principal Place of Business

12                    Using the Nerve Center Test.............................9

13  V.    PLAINTIFFS' MOTION TO REMAND IS TIMELY ..............................12

14  VI.   ATTORNEY FEES .........................................................12

15  VII.  CONCLUSION ..............................................................13

16  L.R. 11-6.2 CERTIFICATE OF COMPLIANCE ...................................14

17  DECLARATION OF CARL J. PENTIS ...........................................15

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES:**

**Federal**

*Breitman v. May Co. Cal.*
37 F.3d 562 (9th Cir. 1994) ..................................................... 8

*California ex rel. Lockyer v. Dynegy, Inc.*
375 F.3d 831 (9th Cir. 2004) ............................................... 8, 11

*Durham v. Lockheed Martin Corp.*
445 F.3d 1247 (9th Cir. 2006) ................................................. 7

*Emrich v. Touche Ross & Co.*
846 F.2d 1190 (9th Cir. 1988) ................................................. 7

*Gaus v. Miles*, Inc.
980 F.2d 564 (9th Cir.1992) ................................................ 6, 7

*Ghazaryan v. Wells Fargo Bank, N.A.*
42 F. Supp. 3d 1341 (C.D. Cal. 2014) ......................................... 7

*In re Hydroxycut Marketing Sales Practices Litig*
CASE NO. 09MD2087-BTM (AJB)
(S.D. Cal. No. 10CV0237) (S.D. Cal. Jul. 20, 2010) ............................ 9

*L'Garde, Inc. v. Raytheon Space & Airborne Systems*
805 F. Supp. 2d 932 (C.D. Cal. 2011) ......................................... 9

*Naffe v. Frey*
789 F.3d 1030 (9th Cir. 2015) ................................................ 6

*Nishimoto v. Federman Bachrach & Assoc.*
903 F.2d 709 (9th Cir. 1990) ................................................. 8

*Orkin v. Taylor*
487 F.3d 734 (9th Cir. 2007) ................................................. 8

**Supreme Court**

*Caterpillar Inc. v. Lewis*
519 U.S. 61 (1996).......................................................... 12

*City of Chicago v. Int'l Coll. of Surgeons*
522 U.S. 156 (1997).......................................................... 7

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*
545 U.S. 546 (2005).......................................................... 8

*Hertz Corp. v. Friend*
559 U.S. 77 (2010) ........................................... 8, 9, 10, 12, 13

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994).......................................................... 7

*Martin, v. Franklin Capital Corp.*
546 U.S. 132 (2005)..........................................................................5, 12

*Owen Equip. & Erection Co. v. Kroger*
437 U.S. 365 (1978)................................................................................8

**9th Circuit**

*Rhodes v. Barnett*
No. 15-35340 (9th Cir. Jun. 26, 2017).................................................12

**UNITED STATES CODE:**

28 U.S.C. § 1331 ...................................................................................7

28 U.S.C. § 1332 ...................................................................................8

28 U.S.C. § 1332(a) ............................................................................6,7

28 U.S.C. § 1332(c) ...............................................................................8

28 U.S.C. § 1332(c)(1).............................................................................9

28 U.S.C. § 1441(a) ...............................................................................7

28 U.S.C. § 1441(b) ...............................................................................6

28 U.S.C. § 1447(c) ............................................................................2, 12

**CONSTITUTIONAL PROVISIONS:**

U.S. Const. art. III, § 2, cl. 1 .................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF MOTION

Defendant Cardlytics, Inc. ("CARDLYTICS" or "Defendant") removed the above- captioned action on April 5, 2023, via a Notice of Removal ("NOR") to avail itself of this Court's diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441(b), and 1446(b). Defendant's NOR is deficient and removal of the action is improper because the parties are not completely diverse, i.e., Plaintiffs and Defendant CARDLYTICS are all citizens of California.

The strong presumption against removal jurisdiction means that defendants always have the burden of establishing, by a preponderance of evidence, that removal is proper. (*Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015); see also *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).) Here, the issue to be decided in this Motion to Remand ("Motion") is whether the parties are completely diverse.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 17, 2023, Plaintiffs LEE EVANS and NICOLA EVANS ("Plaintiffs" or "EVANS") filed *Lee Evans and Nicola Evans vs. Cardlytics, Inc. a Delaware corporation; and Does 1-20, inclusive*, Case Number 30-2023-01308682-CU-WT-CJC, in the Orange County Superior Court (the "Complaint") which alleged causes of action against Defendant CARDLYTICS, INC. ("CARDLYTICS" or "Defendant") for (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Retaliation in Violation of Labor Code § 1102.5; (a) Retaliation in Violation of Labor Code § 98.6; (5) Wrongful Termination in Violation of Public Policy; (6) Failure to Pay Wages Due Upon Termination in Violation of Labor Code §§ 201 and 202; and, (7) Failure to Reimburse Business Expenses in Violation of Labor Code § 2802 (Dkt No 4: Declaration of Alden J. Parker re NOR referenced as "Exhibit 1" in ¶ 3).

On April 5, 2023, CARDLYTICS filed the meritless NOR, which is the subject of this Motion (See Decl. Pentis, ¶ 3 and state court docket attached thereto as Exhibit

1 A).

2       On April 27, 2023, Plaintiffs sent a meet and confer email to counsel for
3 CARDLYTICS, pursuant to L.R. 7-3, requesting that Cardlytics stipulate to remand.
4 (See Decl. Pentis, ¶ 4 and Ex B attached thereto).  Counsel further conferred via
5 telephone on April 27, 2023 and May 4, 2023, but were unable to resolve the issue.

6 **III.   LEGAL STANDARD FOR REMOVAL**

7       Federal courts must guard their limited jurisdiction jealously. (*Ghazaryan v.*
8 *Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014).) Federal courts
9 start off assuming that cases are outside of their power to rule. (*Kokkonen v. Guardian*
10 *Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).) The party seeking removal bears the
11 burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445
12 F.3d 1247, 1252 (9th Cir. 2006).  Federal courts are particularly skeptical of cases
13 removed from state court. (*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992)).

14       Federal courts have subject matter jurisdiction only as authorized by the
15 Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v.*
16 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original
17 jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each
18 plaintiff's citizenship is diverse from each defendant's citizenship and the amount in
19 controversy exceeds $75,000, *id.* § 1332(a).

20       Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state
21 court to federal court so long as original jurisdiction would lie in the court to which
22 the action is removed. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163
23 (1997). According to the Ninth Circuit, courts should "strictly construe the removal
24 statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. Doubts as to removability
25 should be resolved in favor of remanding the case to the state court. *Id.*; *Emrich v.*
26 *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must
27 be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*,
28 980 F.2d at 566.

This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Nishimoto v. Federman Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Pursuant to 28 U.S.C. § 1332, federal jurisdiction is proper so long as there is complete diversity between the parties and an amount in controversy in excess of $75,000. *See,* *e.g., Orkin v. Taylor*, 487 F.3d 734, 738 (9th Cir. 2007).

For a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. See *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction.")

## IV.   LEGAL ARGUMENT IN SUPPORT OF REMAND

### A.   This Case Must Be Remanded to State Court Because Cardlytics Failed to Demonstrate that the Parties are Completely Diverse

Under 28 U.S.C. § 1332, for a federal district court to have diversity jurisdiction, the parties must be completely diverse, and the presence of a single plaintiff and a single defendant from the same state defeats diversity jurisdiction. (See *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). Further, "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

For purposes of diversity, a corporation is both a citizen of the state where it is incorporated and a citizen of the state where it maintains its principal place of business. 28 U.S.C. § 1332(c); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994).

To determine a corporation's principal place of business, courts apply the nerve center test. *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010) (the court must determine whether a defendant has adequately pled the location of its headquarters or its "actual center of direction, control, and coordination.") CARDLYTICS concedes that

Plaintiffs are citizens of California. See NOR ¶¶ 9, 10, 11 & 12. While CARDLYTICS holds citizenship in Delaware (where it was incorporated) and claims citizenship in Georgia where it is claims it is headquartered (see NOR ¶ 14), by application of the "nerve center" test found in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010), however, it's "principal place of business" is not in Georgia but is in California and CARDLYTICS' must be declared to be a citizen of California.

1) <u>Evaluating CARDLYTICS' Principal Place of Business Using the Nerve Center Test</u>

In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer "resides and maintains" his or her office, where the other officers reside, where the corporation's "high level decisions" are made, and where the corporation's "finance and accounting functions" are performed. *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087-BTM(AJB), 2010 WL 2998855, at *3 (S.D. Cal. July 29, 2010); *see also L'Garde, Inc.*, 805 F. Supp. 2d at 940–41 (finding defendants pleaded sufficient facts under the nerve center test to establish Massachusetts as their principal place of business where the corporation's executive-level decisions were made at their Massachusetts' office, five of its twelve executive officers including its CEO, worked out of the Massachusetts' office, and its human resources, information technology, and finance departments originated from the Massachusetts' office).

In *Hertz, supra,* the Court adopted the following test of corporate citizenship under Section 1332(c)(1):

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of

direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 14.

In *Hertz, supra,* the Court rejected Hertz's proposal that a company's listing of its "principal executive offices" on a Form 10-K filing is, alone, sufficient to establish corporate citizenship. *Id.* at 18. While this filing may be evidence of a corporation's "principal place of business," it is not dispositive of citizenship.

Here, there is no question that CARDLYTICS has its actual center of direction, control, and coordination in the State of California making Cardlytics a citizen of California through its nerve center being located in California, and not elsewhere:

- CARDLYTICS' Chief Executive Officer, Karim Temsamani, resides and maintains his office in California (Request for Judicial Notice ("RJN") Exhs. A, B and C).

- CARDLYTICS' Chief Operating Officer, Amit Gupta, resides and maintains his office in California (RJN Exhs. E and F).

- CARDLYTICS' Senior Vice President, Jared Luskin, resides and maintains his office in California (RJN Exhs. G and H).

- CARDLYTICS' Vice President of eCommerce, Nate Bucholz, resides and maintains his office in California (RJN Exhs. I and J).

- CARDLYTICS' Chief Technology Officer, Peter Chan, resides and maintains his office in California (RJN Exhs. K and L).

- CARDLYTICS' Chief Product Officer, Jose Singer, resides and maintains his office in California (RJN Exhs. M and N).

- CARDLYTICS' Vice President of Product, Avinash Chukka, resides and maintains his office in California (RJN Exh. O).

- Four of the seven persons constituting CARDLYTICS' "Leadership

Team" reside and maintain offices in California (two of the seven are in Georgia and one is in New York) ( Decl. of Evans ¶ 15; Request for Judicial Notice ("RJN"), Exhs. A, C, D, E, F, K, L, M and N).  Multiple other executives (managers, vice-presidents, etc.) and key personnel reside and maintain offices California as well (Decl. of Evans ¶¶ 5, 6 and 13; RJN, Exh. T).

- Three out of the eight Directors of CARDLYTICS, including the Chairman of the Board, reside and maintain offices in California (none of the Directors reside in Delaware or Georgia, where, according to the NOR, CARDLYTICS holds citizenship). (RJN Exhs. P, Q, R and S).

- CARDLYTICS' has reduced its presence in Georgia and, instead, expanded its operations in California, (Decl. of Evans ¶¶ 9 & 11, Ex G).

- In 2021 CARDLYTICS acquired a California company called Bridg and moved into a new office in Los Angeles, California. (Decl. of Evans ¶ 12, Ex H).

- CARDLYTICS also acquired a Texas-based company called DOSH. After acquisition, CARDLYTICS closed the Texas office and operational management control is now in California. (Decl. of Evans ¶ 14).

- The operating, technical and product decisions for Cardlytics' main businesses in the United States (Cardlytics, Bridg and DOSH) are made by people who are located in California. (Decl. of Evans ¶ 12).

- The majority of CARDLYTICS' senior leadership team live and work in California (Decl. of Evans ¶ 15).

CARDLYTICS has failed to demonstrate it is not a citizen of California -  nor can it since the "nerve center" test definitively establishes that "the actual center of direction, control, and coordination" of CARDLYTICS is maintained in California. Accordingly, CARDLYTICS failed in its burden to invoke this Court's diversity jurisdiction. See *Lockyer v. Dynegy*, Inc., 375 F.3d at 838.

**V.   PLAINTIFFS' MOTION TO REMAND IS TIMELY**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (28 U.S.C. § 1447(c).) A motion to remand on the basis of subject matter jurisdiction need not be made within 30 days after the notice of removal. (*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996)). Despite this, Plaintiffs have filed this Motion before thirty days had elapsed, and in any event, is timely.

**VI.   ATTORNEY FEES**

Under Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision on fees and costs should be "faithful to the purposes of awarding fees under § 1447(c)," which include "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin, v. Franklin Capital Corp*., 546 U.S. at 140-41 (internal omitted).

Where a removing defendant is aware of the deficiency in its removal bases, that can establish the requisite lack of an objectively reasonable basis for removal. See, e.g., *Rhodes v. Barnett*, 692 Fed. Appx. 834, 836, (9th Cir. 2017). For reasons stated supra, CARDLYTICS was fully aware that the Court lacks jurisdiction. CARDLYTICS purposefully misapplied the "nerve center" test found in *Hertz, supra*. Proper application of the "nerve center" test ("the actual center of direction, control, and coordination" of the business) proves CARDLYTICS is a non-diverse citizen of California.

However, in its NOR, Cardlytics went further and has attempted to mislead this Court into believing that it was not a citizen of California, claiming citizen of Delaware (state of incorporated) and Georgia (state where it's "principal place of business" is) (see Parker Decl. iso NOR ¶ 5, Exh. 3) failing to address that multiple of its executives (CEO (Karim Temsamani), Chief Operating Officer and GM Bridge (Amit Gupta), Chief Product Officer (Jose Singer), Chief Technology Officer (Peter Chan), Head of

Platform and Media Partnerships (Jared Luskin), Vice President of eCommerce Advertising Partnerships (Nate Bucholz), Vice President of Product (Avinash Chukka), Senior Revenue Planning & Forecast Analyst, Director de Marca, Marketing Manager (Elena Goncharova), Sr. Director of Product Management at Bridg, Sr. Director of Engineering & Commerce Graph, Sr. Director of Strategy & Operations at Bridg, Sr. Software Engineer, Head of Analytics at Bridg (Owen Braun), Sr. Vice President & Chief of Staff at Bridg) and half of the members of its Board of Directors all live and work in California (see Lee Decl. ¶¶ 4, 5, 6, 15 and 16) and RJN Exhs. A, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R and S) and that only two members of CARDLYTICS' "Leadership Team" and that no Directors reside in Georgia, despite it being the company's purported "principal place of business."

As stated above, in *Hertz, supra,* the Court rejected Hertz's proposal that a company's listing of its "principal executive offices" on a Form 10-K filing is, alone, sufficient to establish corporate citizenship. *Id*. at 18. Here, CARDLYTICS relies solely upon its corporate filings with the **California** Secretary of State to declare diversity (see Parker Decl. iso NOR ¶ 5, Exh. 3). While these filings may be evidence of a corporation's "principal place of business," it is not dispositive of CARDLYTICS' citizenship.

## VII. CONCLUSION

Based upon the forgoing, Plaintiffs request that this matter be remanded back to the state court, and that the requested attorney's fees be awarded.

Respectfully submitted,

Dated: May 5, 2023                    CUMMINS & WHITE, LLP

By: _s/ Carl J. Pentis_____
Erick J. Becker, P.C.
Carl J. Pentis, Esq.
Hwui Lee
Attorneys for Plaintiffs
LEE EVANS and NICOLA EVANS

-13-

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs LEE EVANS and NICOLA EVANS, certifies that this brief contains 2,496 words, not including the tables of contents and authorities, the caption page, signature blocks, or this certification page, and thus complies with the word limit of L.R. 11-6.1.


Dated:  May 5, 2023                              CUMMINS & WHITE, LLP


                                                        s/ Carl J. Pentis
                                          By: _____
                                                Erick J. Becker, P.C.
                                                Carl J. Pentis, Esq.
                                                Hwui Lee
                                                Attorneys for Plaintiffs
                                                LEE EVANS and NICOLA EVANS

## **DECLARATION OF CARL J. PENTIS**

I, Carl J. Pentis, declare:

1.     I am an attorney at law duly licensed to practice before all of the courts of the State of California and am admitted to the U.S. District Court for the Central District of California. I am an attorney with Cummins & White, LLP, counsel for Plaintiffs and Counter Defendants, Lee Evans and Nicola Evans, in this action. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify thereto.

2.     This declaration is made on behalf of Plaintiffs in Support of their Motion to Remand this case back to the Orange County Superior Court, State of California.

3.     On February 17, 2023, Plaintiffs Lee Evans and Nicola Evans filed an action in the Orange County (State of California) Superior Court entitled *Lee Evans and Nicola Evans vs. Cardlytics, Inc. a Delaware corporation; and Does 1-20, inclusive*, Case Number 30-2023-01308682-CU-WT-CJC. A true and correct copy of the state court docket attached thereto as Exhibit A).

4.     On April 5, 2023, Cardlytics filed a Notice of and Petition for Removal of the State Court action, which is the subject of this Motion to Remand. (See Exhibit A, ROA #11.

5.     On April 27, 2023, and continuing through May 4, 2023, I participated in Local Rule 7-3 meet and confer discussions with counsel for Cardlytics, Brian Tremer, by both email and telephone.  A true and correct copy of my April 27, 2023 email requesting that Cardlytics stipulate to remand is attached hereto as Exhibit B In response to the email, attorney Tremer and I conferred via telephone on April 27, 2023 and May 4, 2023.  We were unable to come to a resolution.

6.     I am the attorney responsible for the preparation of the present Motion to Remand. I spent more than five (5) hours working on this Motion to Remand including reviewing documents, research and drafting time and overseeing the work of our firm's paralegals. My usual hourly rate for work on this file is $430.00 per hour for five hours

-15-

is $2,190.00.  I have been a business trial lawyer for 40 years, have taken many California state and federal jury trials to verdict over the past 40 years.  I have been a law professor at California State University for 20 years now teaching 3 law classes per year on a series of 3 years contracts. The paralegals under my supervision for preparation of this motion spent 19.4 hours in research and document preparation.  The hourly rate for our paralegals is $280.00 per hour for 19.4 hours is $5,432.00.  My client has spent more than $7,184.00 in bringing this Motion to Remand and Request for Payment of Costs.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of May 2023, at Placentia, California.

Carl J. Pentis, Declarant

is $2,190.00. I have been a business trial lawyer for 40 years, have taken many California state and federal jury trials to verdict over the past 40 years. I have been a law professor at California State University for 20 years now teaching 3 law classes per year on a series of 3 years contracts. The paralegals under my supervision for preparation of this motion spent 19.4 hours in research and document preparation. The hourly rate for our paralegals is $280.00 per hour for 19.4 hours is $5,432.00. My client has spent more than $7,184.00 in bringing this Motion to Remand and Request for Payment of Costs.

  I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

  Executed this 5th day of May 2023, at Placentia, California.

          Carl J. Pentis, Declarant

Case Summary:

| | |
|---|---|
| Case Id: | 30-2023-01308682-CU-WT-CJC |
| Case Title: | LEE EVANS VS. CARDLYTICS, INC. |
| Case Type: | WRONGFUL TERMINATION |
| Filing Date: | 02/17/2023 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 11103699 RECEIVED ON 02/17/2023 02:27:50 PM. | 02/24/2023 | | *NV* | |
| 2 | COMPLAINT FILED BY EVANS, LEE; EVANS, NICOLA ON 02/17/2023 | 02/17/2023 | | 58 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY EVANS, LEE; EVANS, NICOLA ON 02/17/2023 | 02/17/2023 | | 1 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY EVANS, LEE; EVANS, NICOLA ON 02/17/2023 | 02/17/2023 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 13183302 AND RECEIPT NUMBER 13011429. | 02/24/2023 | | 1 pages | |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER DOURBETAS, NICO ON 02/17/2023. | 02/17/2023 | | *NV* | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 09/11/2023 AT 09:00:00 AM IN C25 AT CENTRAL JUSTICE CENTER. | 02/24/2023 | | 2 pages | ☐ |
| 8 | E-FILING TRANSACTION 11111687 RECEIVED ON 03/08/2023 03:10:48 PM. | 03/08/2023 | | *NV* | |
| 9 | PROOF OF PERSONAL SERVICE FILED BY EVANS, LEE; EVANS, NICOLA ON 03/08/2023 | 03/08/2023 | | 2 pages | ☐ |
| 10 | E-FILING TRANSACTION 31293317 RECEIVED ON 04/06/2023 06:54:33 PM. | 05/01/2023 | | *NV* | |
| 11 | NOTICE OF REMOVAL TO FEDERAL COURT FILED BY CARDLYTICS, INC. ON 04/06/2023 | 04/06/2023 | | 19 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| LEE EVANS | PLAINTIFF | | 02/24/2023 | |
| CUMMINS & WHITE, LLP | ATTORNEY | | 02/24/2023 | |
| FISHER & PHILLIPS LLP | ATTORNEY | | 05/01/2023 | |
| CARDLYTICS, INC. | DEFENDANT | | 02/24/2023 | |
| NICOLA EVANS | PLAINTIFF | | 02/24/2023 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 09/11/2023 | 09:00 | C25 | DOURBETAS |

Print this page

Exhibit A

**Carl J. Pentis**

| | |
|---|---|
| **From:** | Carl J. Pentis |
| **Sent:** | Thursday, April 27, 2023 4:50 PM |
| **To:** | aparker@fisherphillips.com; btremer@fisherphillips.com |
| **Cc:** | Erick Becker; Patti M. Martinez |
| **Subject:** | Local Rule 7-3 Conference on Cardlytics  not entitled to diversity jurisdiction; the action should be remanded to California State Court.  Cardlytics, Inc. principal place of business is California. Plaintiffs are  citizens of California. |

Attorneys Alden Parker and Brian Tremer, as you know, we are the attorney for the Plaintiffs.

We conferring with you pursuant to Local Rule 7-3 to remand the action back to California State Court as Cardlytics is a Citizen of California. Plaintiffs are domiciled in and are Citizens of California. There is not complete diversity.

In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer "resides and maintains" his or her office, where the other officers reside, where the corporation's "high level decisions" are made, and where the corporation's "finance and accounting functions" are performed. In re *Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087-BTM(AJB), 2010 WL 2998855, at *3 (S.D. Cal. July 29, 2010); *see also L'Garde, Inc.*, 805 F. Supp. 2d at 940–41 (finding defendants pleaded sufficient facts under the nerve center test to establish Massachusetts as their principal place of business where the corporation's executive-level decisions were made at their Massachusetts' office, five of its twelve executive officers including its CEO, worked out of the Massachusetts' office, and its human resources, information technology, and finance departments originated from the Massachusetts' office).

To determine a corporation's principal place of business, courts apply the nerve center test. *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010) (the court must determine whether a defendant has adequately pled the location of its headquarters or its "actual center of direction, control, and coordination.") In *Hertz, supra,* the Court adopted the following test of corporate citizenship under Section 1332(c)(1):

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters–provided that the

1

Exhibit B

headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

In *Hertz, supra,* the Court rejected Hertz's proposal that a company's listing of its "principal executive offices" on a Form 10-K filing is, alone, sufficient to establish corporate citizenship. *Id*. at 18. While this filing may be evidence of a corporation's "principal place of business," it is not dispositive of citizenship.

Here, there is no question that CARDLYTICS holds a major presence in the State of California to qualify it as a citizen:

CARDLYTICS' Chief Executive Officer, Karim Temsamani, resides and maintains his office in California

CARDLYTICS' Chief Operating Officer, Amit Gupta, resides and maintains his office in California

CARDLYTICS' Senior Vice President, Jared Luskin, resides and maintains his office in California

CARDLYTICS' Vice President of eCommerce, Nate Bucholz, resides and maintains his office in California

CARDLYTICS' Chief Technology Officer, Peter Chan, resides and maintains his office in California

CARDLYTICS' Chief Product Officer, Jose Singer, resides and maintains his office in California

CARDLYTICS' Vice President of Product, Avinash Chukka, resides and maintains his office in California

Four of the seven persons constituting CARDLYTICS' "Leadership Team" reside and maintain offices in California (two of the seven are in Georgia and one is in New York) Multiple other executives (managers, vice-presidents, etc.) and key personnel reside and maintain offices California as well.

Three out of the eight Directors of CARDLYTICS, including the Chairman of the Board, reside and maintain offices in California (none of the Directors reside in Delaware or Georgia.

CARDLYTICS has failed to demonstrate it is not a citizen of California - nor can it since the "nerve center" test definitively establishes that "the actual center of direction, control, and coordination" of CARDLYTICS is maintained in California Accordingly, CARDLYTICS failed in its burden to invoke this Court's diversity jurisdiction. See *Lockyer v. Dynegy*, Inc., 375 F.3d at 838.

2

Exhibit B

Please voluntarily stipulate to have the matter remanded back to California State Court.

Please confirm you received this meet and confer.

I will call you in moments to discuss.

Carl J. Pentis
Cummins & White, LLP
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
Tel:  (949) 852-1800
Fax: (949) 852-8510
Email: cpentis@cwlawyers.com
Bio: Attorney Profile
www.cumminsandwhite.com



_____

This e-mail is sent by a law firm and contains information that may be privileged and confidential.  If you are not the intended recipient, please notify us immediately, and delete the e-mail.

3

Exhibit B