CUMMINS & WHITE, LLP
Erick J. Becker, P.c. (Bar No. 137180)
E-mail:  ebecker@cwlawyers.com
Carl J. Pentis (Bar No. 116453)
E-mail:  cpentis@cwlawyers.com
Hwui Lee (Bar No. 335331)
E-mail:  hlee@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Fax: (949) 852-8510

Attorneys for Plaintiffs
LEE EVANS and NICOLA EVANS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EVANS and NICOLA EVANS,<br><br>Plaintiffs,<br><br>vs.<br><br>CARDLYTICS, INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.: 8:23-cv-606 DFM<br><br>**REPLY TO DEFENDANT CARDLYTICS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br>Hearing:<br>Date:  June 2, 2023<br>Time:  9:00 a.m.<br>Place:  United States District Court<br>  Courtroom 9D (9th Floor)<br>  411 W. Fourth Street<br>  Santa Ana, CA 92701<br>ASSIGNED TO HON. JOHN W. HOLCOMB<br>OCSC Case No.: 30-2023-01308682<br>Filed: February 17, 2023<br>Trial Date: None Set |

**I.    ALL ROADS POINT TO CALIFORNIA**

- Plaintiffs were employed by CARDLYTICS to work <u>in California</u>.
- Plaintiffs were terminated <u>in California</u>, by CARDLYTICS' CEO, Karim Temsamani, who also lives and works <u>in California</u>.

1

- CARDLYTICS has expanded its business <u>in California</u> and reduced its headquarters in Georgia.
- Four of the seven persons constituting CARDLYTICS' "Leadership Team" (as listed on CARDLYTICS's web page (RJN No. 1)) reside and maintain offices <u>in California</u> (only two of the seven are in Georgia and one is in New York)
- Three out of the eight Directors (including the Chairman of the Board), reside and maintain offices <u>in California</u> (none of the Directors reside in Delaware or Georgia)
- CARDLYTICS has operations in four cities <u>in California</u> (Los Angeles, Palo Alto, San Francisco and Oakland) as opposed to its singular office suite (reduced by half) in Atlanta, Georgia.

## II. CARDLYTICS HAS NOT MET ITS BURDEN OF PROOF FOR DIVERSITY REMOVAL

With the filing of Plaintiff's Motion for Remand, CARDLYTICS still bears the burden of providing evidence that this court has jurisdiction since it is the removing parties. *Jernigan v. Ashland Oil Inc.*( 5th Cir. 1993) 989 F.2d 812, 815.  The burden is upon CARDLYTICS - the party who invoked the federal court's removal jurisdiction - to prove by a preponderance of evidence whatever is necessary to support the petition: e.g., the existence of diversity. (Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (The Rutter Group 2010) (hereafter "Schwarzer, Tashima & Wagstaffe") section 2:1093.)  CARDLYTICS has not met that burden.

CARDLYTICS' Notice of Petition for Removal ("NOR") at ¶ 9 states that CARDLYTICS is a citizen of two states other than California. And while the NOR espouses the "nerve center" test found in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010), CARDLYTICS bases its removal on the premise that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters." *Id*. at 93.  Such is not the case here as has been evidenced by proof

offered in support of Plaintiffs' Motion to Remand. While CARDLYTICS may have its "headquarters" in Georgia, that headquarters is NOT where its citizenship lies when using the "nerve center" test.

In support of their Motion to Remand, Plaintiffs' presented 21 exhibits (proof) with their Request for Judicial Notice ("RJN") providing evidence that key, high-level personnel of CARDLYTICS reside in California, as opposed to where CARDLYTICS is headquartered. Exhibits were also attached to the Declaration of LEE EVANS.[1] Plaintiffs have provided the Court with evidence on the amount of key personnel and offices CARDLYTICS maintains in California (Los Angeles, Palo Alto, San Francisco and Oakland) as opposed to its singular office suite (reduced by half) located in Atlanta, Georgia.

CARDLYTICS' Opposition argues that the Court only needs a "short plain statement to plausibly plead original jurisdiction via diversity" and, despite Plaintiffs' contest to CARDLYTICS' "short plain statement," it provides no evidence to support its claim of diversity, other than the self-serving declaration of Nick Lynton, who is Chief Legal and Privacy Officer ("CLO") and Corporate Secretary of CARDLYTICS, without providing any proof of the number or percentage of employees working in California (Palo Alto, Los Angeles, Oakland and San Francisco) versus Atlanta, Illinois, New York, and London.

This is especially significant given that the Declaration of Lynton makes contradictory conclusory statements while identifying key CARDLYTICS' personnel and claiming that the position identified "does not involve any executive function or high level policy making."

The burden of persuasion for establishing diversity jurisdiction, however, does not fall to Plaintiffs; it remains on CARDLYTICS, the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); see also 13E Wright & Miller

---

[1] No objection to Plaintiffs' Request for Judicial Notice or to the Declaration of LEE EVANS has been made by CARDLYTICS.

§3602.1, at 119. CARDLYTICS has failed to support its allegations of diversity with competent proof. See *McNutt*, *supra*, at 189; 15 Moore's §102.14, at 102–32 to 102–32.1. The mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's "principal executive offices" is not sufficient proof to establish a corporation's "nerve center." *Dimmitt & Owens Financial, Inc. v. United States*, 787 F. 2d 1186, 1190–1192 (CA7 1986) (distinguishing "principle executive office" in the tax lien context, see 26 U. S. C. §6323(f)(2), from "principal place of business" under 28 U. S. C. §1332(c)).

The Defendant has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Ninth Circuit has a "strong presumption" against removal. *Id.* (internal citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction" which "must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. For CARDLYTICS' removal of this action under Section 1441(a) to be proper, it must establish that there is complete diversity of citizenship among the parties. See *Lee v. American National Insurance Co.*, 260 F.3d 997, 1004-05 (9th Cir. 2001). CARDLYTICS has not met their burden of proof and, since CARDLYTICS has not met its burden of establishing the "right of removal in the first instance," this Court must reject jurisdiction if a *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III. CARDLYTICS' LEADERSHIP IN CALIFORNIA**

In its Opposition, CARDLYTICS continues in its attempts to justify its stance that Georgia is its "principal place of business." It even goes as far as to suggest that "Plaintiffs purport to argue that Cardlytics has abandoned its headquarters in Atlanta in favor of California, . . ." Plaintiffs do no such thing. Yes, the fact of the matter (not disputed by CARDLYTICS in its Opposition) is that CARDLYTICS is expanding its offices in California and dramatically reducing its size of its headquarters Atlanta, Georgia (see Declaration of LEE EVANS ("EVANS Decl") at ¶ 9). With the expansion of its offices and presence in California, it is inevitable that the percentage

of persons in leadership roles with the company <u>in California</u> also increases, despite CARDLYTICS still being "headquartered" in Atlanta, Georgia.

Here, there is no question that CARDLYTICS has its actual center of direction, control, and coordination in the State of California making Cardlytics a citizen of California through its nerve center being located in California, and not elsewhere:

- CARDLYTICS' Chief Executive Officer, Karim Temsamani, resides and maintains his office in California (Request for Judicial Notice ("RJN") Exhs. A, B and C).
- CARDLYTICS' Chief Operating Officer, Amit Gupta, resides and maintains his office in California (RJN Exhs. E and F).
- CARDLYTICS' Senior Vice President, Jared Luskin, resides and maintains his office in California (RJN Exhs. G and H).
- CARDLYTICS' Vice President of eCommerce, Nate Bucholz, resides and maintains his office in California (RJN Exhs. I and J).
- CARDLYTICS' Chief Technology Officer, Peter Chan, resides and maintains his office in California (RJN Exhs. K and L).
- CARDLYTICS' Chief Product Officer, Jose Singer, resides and maintains his office in California (RJN Exhs. M and N).
- CARDLYTICS' Vice President of Product, Avinash Chukka, resides and maintains his office in California (RJN Exh. O).
- Four of the seven persons constituting CARDLYTICS' "Leadership Team" reside and maintain offices in California (two of the seven are in Georgia and one is in New York) ( Decl. of Evans ¶ 15; Request for Judicial Notice ("RJN"), Exhs. A, C, D, E, F, K, L, M and N).
- Multiple other executives (managers, vice-presidents, etc.) and key personnel reside and maintain offices California as well (Decl. of Evans ¶¶ 5, 6 and 13; RJN, Exh. T).
- Three out of the eight Directors of CARDLYTICS, including the

Chairman of the Board, reside and maintain offices in California (none of the Directors reside in Delaware or Georgia, where, according to the NOR, CARDLYTICS holds citizenship). (RJN Exhs. P, Q, R and S).

- CARDLYTICS' has reduced its presence in Georgia and, instead, expanded its operations in California, (Decl. of Evans ¶¶ 9 & 11, Ex G).
- In 2021 CARDLYTICS acquired a California company called Bridg and moved into a new office in Los Angeles, California. (Decl. of Evans ¶ 12, Ex H).
- CARDLYTICS also acquired a Texas-based company called DOSH. After acquisition, CARDLYTICS closed the Texas office and operational management control is now in California. (Decl. of Evans ¶ 14).
- The operating, technical and product decisions for Cardlytics' main businesses in the United States (Cardlytics, Bridg and DOSH) are made by people who are located in California. (Decl. of Evans ¶ 12).
- The majority of CARDLYTICS' senior leadership team live and work in California (Decl. of Evans ¶ 15).
- Andy Christiansen, Chief Financial Officer, informed the Company on March 17, 2023 that he is resigning from his position effective July 21, 2023 (Decl. of Evans Exh I (Pg 35)).

CARDLYTICS' justification for its continued assertion that its "nerve center" is actually in Georgia fails because no evidence or proof has been offered, other than the Lyton Declaration (which contains multiple references to future ("will be") acts and is not supported by any evidence).

### IV. ATTORNEY FEES SHOULD BE AWARDED TO PLAINTIFFS

CARDLYTICS has not shown that it had an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiffs were employed by CARDLYTICS to work in California. Plaintiffs were

terminated <u>in California</u>, by CARDLYTICS' CEO, Karim Temsamani, who also lives and works <u>in California</u>. CARDLYTICS has expanded its business <u>in California</u> and reduced its headquarters in Georgia such that four of the seven persons constituting CARDLYTICS' "Leadership Team" reside and maintain offices <u>in California</u> (only two of the seven are in Georgia and one is in New York), three out of the eight Directors (including the Chairman of the Board), reside and maintain offices <u>in California</u> (none of the Directors reside in Delaware or Georgia) and CARDLYTICS has operation locations in four cities <u>in California</u> (Los Angeles, Palo Alto, San Francisco and Oakland) as opposed to its singular office suite (reduced by half) in Atlanta, Georgia. In this instance, an award of attorneys' fees to Plaintiffs would most definitely be "faithful to the purposes of awarding fees under § 1447(c)," which include "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin, v. Franklin Capital Corp.*, 546 U.S. at 140-41 (internal omitted).

### III.   CONCLUSION

It is respectfully requested, therefore, that the matter be remanded back to the state court, and that the requested attorney's fees be awarded.

Respectfully submitted,

Dated:  May 18, 2023           CUMMINS & WHITE, LLP

/s/ Carl J. Pentis

By: _____
Erick J. Becker, P.C.
Carl J. Pentis, Esq.
Hwui Lee
Attorneys for Plaintiffs
LEE EVANS and NICOLA EVANS

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs LEE EVANS and NICOLA EVANS, certifies that this brief contains 1,763 words, not including the tables of contents and authorities, the caption page, signature blocks, or this certification page, and thus complies with the word limit of L.R. 11-6.1.

Dated: May 18, 2023                     CUMMINS & WHITE, LLP

/s/ Carl J. Pentis
By: _____
Erick J. Becker, P.C.
Carl J. Pentis, Esq.
Hwui Lee
Attorneys for Plaintiffs
LEE EVANS and NICOLA EVANS